IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HADEN KIRKPATRICK,

    Plaintiff,

v.                                                   Case No. _____

O'KEEFE MEDIA GROUP,
JAMES O'KEEFE
and SABRENA SHABANDIR,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants O'Keefe Media Group ("OMG"), James O'Keefe and Sabrena Shabandir ("Defendants") hereby give notice of removal of the instant action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332 and 1441, and in support thereof state:

## BACKGROUND

1. On August 27, 2025, Plaintiff Haden Kirkpatrick ("Plaintiff") commenced a civil action against Defendants in the Circuit Court of Cook County, Law Division as case number 2025L010777. **Exhibit A** (Plaintiff's Complaint). This is a personal injury case alleging violation of the Illinois Eavesdropping Act and false light invasion of privacy. *Id.*

## STATEMENT OF GROUNDS FOR REMOVAL

### A. This Court Has Removal Jurisdiction

2. Federal law permits defendants sued in state court to remove a "civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of

1

the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3. Removal to this Court is appropriate as the district and division embracing the Circuit Court of Cook County.

4. Federal law defines this Court's original jurisdiction to include actions where (1) there is complete diversity between plaintiffs and defendants and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### B. There is Complete Diversity Under 28 U.S.C. § 1332(a)

5. Upon information and belief, the following information concerning the residency and citizenship of the parties was true on both the date that the Plaintiff filed his complaint and the date that Defendants filed this notice of removal:

   a. Plaintiff is an individual who is a resident of Bloomington, McLean County, Illinois. *See* Exh A at 1 (¶1).

   b. Defendant OMG is a Delaware Limited Liability Company organized in the State of Delaware with its principal place of business in West Palm Beach, Palm Beach County, Florida. *See id.* (¶2).

   c. Defendant O'Keefe is a resident of Palm Beach County, Florida. *See id.* (¶3).

   d. Defendant Shabandir is a resident of Maricopa County, Arizona. *Contra id.* at 2 (¶5); *see* **Exhibit B** (Shabandir Affidavit).

### C. The Amount in Controversy Exceeds $75,000

6. For his eavesdropping and false light claims, respectively, the Plaintiff is seeking lost wages, benefits as well as compensatory and punitive damages. Exh. A at 6, 7. The Plaintiff's

counsel affirmed in writing on October 30, 2025 that his alleged damages exceed $75,000. **Exhibit C**.

### D. The Notice of Removal is Timely

7. Pursuant to 28 U.S.C. § 1446(b)(3):

> Except [if more than one year has passed after the commencement of the action], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

8. This case was commenced on August 27, 2025, making it less than one year old.

9. In accordance with Illinois law, Plaintiff could not plead a specific amount of damages in this personal injury action and did not do so. 735 ILCS 5/2-604.2. The summons served upon each Defendant, respectively, only indicated that the Plaintiff was seeking in excess of $50,000. **Exhibit D.**

10. The Defendants only ascertained on October 30, 2025 that this case was removable, making this notice of removal timely because it is being filed within thirty days of that date. *See supra* ¶6; Exh. C.

### E. The Notice of Removal is Proper

11. Each Defendant consents to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

12. In accordance with 28 U.S.C. § 1446(a), attached to this Notice of Removal is a copy of all process, pleadings and orders served upon Defendants in this litigation. Exh. A, Exh. D (Summonses); **Exhibit E** (orders); **Exhibit F** (current copy of docket sheet in Cook County Circuit Court).

13. Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that Defendants will promptly file written notice of this removal and a copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County. **Exhibit G** (Notice of Filing of Notice of Removal). Defendants will also serve written notice of this Notice of Removal on all counsel of record.

14. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present briefing and request oral argument in support of removal.

## **CONCLUSION**

15. Because there is (1) complete diversity between the Plaintiff and the Defendants, (2) the amount in controversy exceeds $75,000 exclusive of interests and costs, and (3) this Notice of Removal is otherwise proper and timely, diversity jurisdiction exists under 28 U.S.C. § 1332 and this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a).

WHEREFORE, Defendants O'Keefe Media Group, James O'Keefe and Sabrena Shabandir give notice that the above-captioned litigation has been removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

[Remainder of this page intentionally left blank.]

Dated: November 3, 2025                      Respectfully submitted,

                                                   O'Keefe Media Group
                                                   James O'Keefe
                                                   Sabrena Shabandir

By: */s/ Benjamin Barr*
                                                   Benjamin Barr (ARDC # 6274521)
                                                   BARR & KLEIN PLLC
                                                   1050 30th Street NW
                                                   Washington, DC 20007
                                                   (202) 595-4671
                                                   ben@barrklein.com

                                                   */s/ Stephen Klein*
                                                   Stephen R. Klein (ARDC #6300226)
                                                   BARR & KLEIN PLLC
                                                   1629 K St. NW Ste. 300
                                                   Washington, DC 20006
                                                   (202) 804-6676
                                                   steve@barrklein.com

                                                   */s/ Robert Dawidiuk*
                                                   Robert L. Dawidiuk (ARDC #6282717)
                                                   The Collins Law Firm, P.C.
                                                   1770 N. Park Street, Suite 200
                                                   Naperville, IL 60563
                                                   (630) 527-1784 (ext. 232)
                                                   (630) 527-9365 (direct)
                                                   rdawidiuk@collinslaw.com

## **CERTIFICATE OF SERVICE**

I, Benjamin Barr, an attorney, hereby certify that on November 3, 2025, I caused a true and correct copy of the foregoing motion to be served via email pursuant to consent under Federal Rule of Civil Procedure 5(b)(2)(E) on:

>Kristin M. Case
>Kate Sedey
>Case + Sedey, LLC
>250 South Wacker Dr., Ste. 230
>Chicago, Illinois 60606
>Tel. (312) 920-0400
>Fax (312) 920-0800
>kcase@caseandsedey.com
>ksedey@caseandsedey.com

/s/ Benjamin Barr
Benjamin Barr