IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HADEN KIRKPATRICK,

    Plaintiff,

v.

O'KEEFE MEDIA GROUP,
JAMES O'KEEFE,
and SABRENA SHABANDIR,

    Defendants.

Case No. 25-CV-13435
Hon. Steven Seeger

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR REMAND**

Plaintiff, Haden Kirkpatrick, files this brief in support of his Motion for Remand. For the reasons below, Plaintiff respectfully requests this Court grant his Motion and remand this case back to the Circuit Court of Cook County.

**I.    Argument**

Defendant Shabandir has shown that she has resided in Arizona for the last six months. She has failed, however, to establish that Arizona is her permanent home or domicile. The only evidence which indicates that Shabandir plans to remain in Arizona long-term is her own self-serving statement, but the evidence Shabandir provided contradicts that statement.

In their response brief, Defendants paint Shabandir as a woman estranged from her family, friends and community because of her political beliefs. Defendants contend because of these strained relationships, Shabandir decided to permanently move to Arizona. The evidence, however, does not support this argument.

First, the timing of Shabandir's move is suspicious. A violation of the Illinois Eavesdropping Act is a crime. *See*, 720 ILCS 5/14-4. Before filing this suit, Plaintiff filed a

criminal complaint with the Glenview, Illinois police department stemming from Shabandir's surreptitious recording of what he reasonably believed were private conversations.

On or about April 22, 2025, a Glenview police officer who was investigating Plaintiff's criminal complaint went to Defendant's Shabandir's home (the home she still owns in Morton Grove, Illinois). The reason Plaintiff knows this is because on April 24, 2025, Defendants O'Keefe and OMG publicly complained about the officer's actions on OMG's website and YouTube Channel. See, [https://okeefemediagroup.com/just-in-detectives-come-to-home-of-okeefe-undercover-journalist-following-criminal-complaint-filed-by-former-state-farm-vp/](https://okeefemediagroup.com/just-in-detectives-come-to-home-of-okeefe-undercover-journalist-following-criminal-complaint-filed-by-former-state-farm-vp/).

Less than a month later, on May 15, 2025, Shabandir signed an Arizona lease with a move in date of June 3, 2025. Defendants have not provided any evidence that Shabandir intended to move to Arizona before learning Plaintiff was taking legal action against her. This suggests that Shabandir relocated to Arizona to avoid legal trouble, rather than permanently establish a home there. At a minimum, this suspicious timing tips the scales against Shabandir's claim that she plans to remain in Arizona long-term.

Second, Defendant Shabandir has not taken any steps to make her move to Arizona permanent. In *Schuld v. Thodos*, 21-CV-1807, 2022 WL 888870, at *7 (N.D. Ill. Mar. 25, 2022)(Seeger, J.) this Court listed a handful of factors which would point to domicile including: 1) living at the same address for many years; 2) having a driver's license in that state; 3) registering a vehicle in the state; 4) receiving medical care in that state; 5) owning property in the state; and 6) registering to vote in the state. Defendant Shabandir has done none of these things. She has only lived in Arizona for six months and only signed a one-year lease. That does not suggest permanency. She does not own property in Arizona and, instead, continues to own a house in Illinois. She has not obtained an Arizona driver's license, even though new residents of

states must do so upon moving there. She has also not registered her car in Arizona. Both these factors suggest a temporary stay, rather than a permanent one. Moreover, importantly, she has still not registered to vote in Arizona, despite claiming to have strongly held political beliefs that drove her from Illinois.

Finally, Shabandir's exhibits contradict her claims that she has no pull back to Illinois. In Paragraph 6 of her Declaration attached as Exhibit B to Defendants' Notice of Removal, Defendant Shabandir says that she decided to move from Illinois because she felt "pushed away" by her family and community here. Building on this, Defendants admit that Shabandir's immediate family remain in Illinois but claim that "her relationship with them [is] strained" and that she "has no social or familial pull drawing her back to Illinois." Def. Br. p. 5. Yet, Exhibit C to Defendants' Memorandum in Opposition to Remand shows that Shabandir traveled back to Chicago during the week of Thanksgiving-arriving on November 25 and departing on November 30. While this trip does not, by itself, dispute domicile, it does cast doubt on Defendants' claims that Shabandir has no reason to return to Illinois.

A party must establish domicile by pointing to objective affirmative actions, not by subjective statements. Shabandir's actions and failures to take certain actions indicate that Arizona is not her permanent home. "Statements of intent" such as those in Defendant Shabandir's declaration, are entitled to "little weight when in conflict with the facts." *Sadat v. Merges*, 615 F.2d 1176 (7th Cir. 1980).

## II. Conclusion

A person has only one domicile, and it is not necessarily where that person resides. *Schuld* 2022 WL 888870, at *6. In this case, there is simply no evidence aside from Shabandir's own statements, that she intends to make Arizona her permanent home. As Defendants

acknowledged in their Response, "…any doubt in a matter fundamental to federal jurisdiction is generally resolved in favor of remand." See, Def. Mem. 3; citing *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

  WHEREFORE, Plaintiff respectfully asks that this Court grant his motion and remand his case back to the circuit court of Cook County.

Respectfully Submitted,

*/s/ Kristin M. Case*
Kristin M. Case
One of Plaintiff's attorneys

Kristin M. Case
Kate Sedey
Case + Sedey, LLC
250 S. Wacker Drive, Suite 230
Chicago, Illinois 60606
312-920-0400
Kcase@caseandsedey.com